IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

1:13 cv 00879

| | |
|---|---|
| JACQUELINE SCHAIBLE, | |
| Plaintiff, | COMPLAINT |
| vs. | AND |
| DATACHAMBERS, LLC | DEMAND FOR A JURY TRIAL |
| and | |
| NORTH STATE TELEPHONE COMPANY | |
| Defendants. | |

Now comes the Plaintiff and, complaining of the acts of the Defendants, says this:


## SUMMARY

1.  The Defendants unlawfully ended the Plaintiff's employment because she is a

    woman and because the Defendants' managers regarded the Plaintiff as disabled.

Page 1 of 24

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

## JURISDICTION AND VENUE

2.      The Plaintiff is asserting claims arising under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e et seq. and the Americans With Disabilities

Act, as amended, 42 U.S.C. § 12101 et seq.  This court has jurisdiction over these

claims under 28 U.S.C. § 1331.

3.      The Plaintiff is also asserting a North Carolina common law tort claim of wrongful

discharge in violation of public policy.  This court has jurisdiction over the

Plaintiff's North Carolina common law tort claim under 28 U.S.C. § 1367 because

it has a common nucleus of operative fact with the Plaintiff's federal claims.

4.      A substantial number of the events giving rise to this action occurred in and

around the City of Winston Salem, in Forsyth County, North Carolina.

5.      According to its North Carolina Secretary of State filings, Defendant

DATACHAMBERS, LLC is a North Carolina corporation.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

6.      Among other things, Defendant DATACHAMBERS, LLC uses its network operations center to manage and monitor thousands of customer devices, including networks, firewalls, servers, switches and routers and to routinely backup and protect thousands of gigabytes of sensitive customer data.

7.      At all times relevant, Defendant DATACHAMBERS, LLC engaged in interstate commerce by, among other things: a) sending money to entities located in other states in exchange for goods and services; and b) buying goods and services in other states, importing them into North Carolina, and then selling the goods and services to customers in North Carolina and other states.

8.      According to its North Carolina Secretary of State filings, Defendant NORTH STATE TELEPHONE COMPANY is a North Carolina corporation.

9.      At all times relevant Defendant NORTH STATE TELEPHONE COMPANY was a communications and information technology company serving the needs of consumers and businesses in High Point, Thomasville, Archdale, Randleman, Jamestown, Trinity, Greensboro, Kernersville and beyond.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

10.     At all times relevant Defendant DATACHAMBERS, LLC was a wholly owned

        subsidiary of NORTH STATE TELEPHONE COMPANY.


11.     At all times relevant, Defendant NORTH STATE TELEPHONE COMPANY so

        dominated and controlled the activities of Defendant DATACHAMBERS, LLC

        that DATACHAMBERS, LLC had no separate will of its own.


12.     At all times relevant, the operations and activities of DATACHAMBERS, LLC

        were so intertwined with those of NORTH STATE TELEPHONE COMPANY

        that the two companies were effectively one entity.


13.     At all times relevant, DATACHAMBERS, LLC was the agent and alter ego of

        NORTH STATE TELEPHONE COMPANY.


14.     On its Secretary of State filings, DATACHAMBERS, LLC lists as managers C.

        Hayden McKenzie, Royster M. Tucker III, and James D. McCarson.  On the

        NORTH STATE TELEPHONE COMPANY Secretary of State filings Mr.

        McKenzie is list as the CEO, Mr. Tucker is listed as the COO, and Mr. McCarson

        is listed as the CTO.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

15.     At all times relevant, DATACHAMBERS, LLC and NORTH STATE

        TELEPHONE COMPANY did business as North State Communications.


16.     In the alternative, DATACHAMBERS, LLC and NORTH STATE TELEPHONE

        COMPANY were joint employers of the Plaintiff.


17.     At all times relevant, the Plaintiff resided in Davidson County, North Carolina.


18.     The Plaintiff is an adult woman.  She was born in the United States.


19.     The Plaintiff suffers from migraine headaches.


20.     From 2005 until wrongfully terminated in 2012, the Plaintiff was employed at the

        Defendants' twenty-four hour operations center on Old Lexington Road in

        Winston Salem, North Carolina.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

21.    On December 28, 2011, the Plaintiff was presented with a letter signed by C.

       Hayden McKenzie, whom the letter identifies as the Chairman and CEO of North

       State Telephone Company.


22.    The December 28, 2011 letter states, in part: "Dear Jacqueline:  NSC DASH, LLC

       ("DASH" or the "Company", a wholly owned subsidiary of North State Telephone

       Company) is pleased to offer you the position of LEVEL 1 - SYSTEM SUPPORT

       SPECIALIST. … Your annual base salary will be $41,913.00 per year. … In

       addition, you will be eligible for a performance-based discretionary bonus for the

       calendar year 2012."


23.    Appended to the December 28, 2011 letter is a Restrictive Covenants Agreement

       signed by C. Hayden McKenzie, whom the Agreement identifies as President of

       NSC DASH, LLC.


24.    On January 10, 2012, NSC DASH, LLC filed an amendment of articles of

       organization with the North Carolina Secretary of State.  The amendment changed

       the company name to DataChambers, LLC.  The filed amendment is signed by C.

       Hayden McKenzie and identifies Mr. McKenzie as the chief executive officer.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

25.   Prior to the name change, NSC DASH, LLC did business as DataChambers.

26.   The Defendants gave the Plaintiff an employee handbook containing various

      personnel policies.  The handbook is entitled North State Communications

      Personnel Policy Manual.  One policy in the handbook, labeled "Termination of

      Employment" has an effective date of September 1, 2011 and a signature line

      entitled "C. Hayden McKenzie, Chairman and Chief Executive Officer."

27.   Beginning on March 30, 2012, the Plaintiff began receiving direct deposits of her

      salary in the name of DataChambers, LLC.  Prior to March 30, 2012, she had

      received direct deposits of her salary in the name of NSC Dash, LLC.

28.   On or about September 20, 2012, the Defendants unlawfully ended the Plaintiff's

      employment because she is a woman and because the Defendants' managers

      regarded the Plaintiff as disabled.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

29.     On September 28, 2012, the Plaintiff received a direct deposit of her remaining

        salary in the name of North State Communications, High Point North Carolina,

        Payroll Account.


30.     On October 19, 2012, the North Carolina Employment Security Commission

        identified the employer who discharged the Plaintiff as North State Telephone

        Company.


31.     Within one hundred and eighty days of the conduct complained of, the Plaintiff

        filed with the United States Equal Employment Opportunity Commission (EEOC)

        a charge of sex and disability discrimination against the Defendants.


32.     The Defendants received a copy of the Plaintiff's EEOC Charge and have actual

        notice of the Plaintiff's claims.


33.     On July 17, 2013, the EEOC issued the Plaintiff a "Notice of Right to Sue" which

        her attorney received on or about July 20, 2013.


34.     The Plaintiff has exhausted all her administrative remedies.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

FACTUAL ALLEGATIONS

35.    On December 28, 2011, C. Hayden McKenzie, CEO of North State Telephone

Company, hired the Plaintiff as a Level 1 - System Support Specialist.  Mr.

McKenzie informed the Plaintiff, by letter, that she would report directly to Frank

Destasio, Level 1 - Manager.

36.    Since 2005, the Plaintiff had performed the same job duties as a System Support

Specialist for NSC Dash, LLC.

37.    The Plaintiff's workstation remained at the DATACHAMBERS Operations

Center on Old Lexington Road in Winston Salem, North Carolina.

38.    The Operations Center work areas are monitored by video cameras.

39.    In order to perform the duties of a Level 1 - System Support Specialist at the

DATACHAMBERS Operations Center, a person must be able to perform manual

tasks, see, hear, walk, stand, lift, bend, speak, breathe, learn, read, concentrate,

think, communicate, and work.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

40.     Migraine headache is a chronic neurological disorder characterized by recurrent

moderate to severe headaches often in association with a number of autonomic

nervous system symptoms. Untreated, migraine headaches can completely

debilitate the sufferer.

41.     During her employment with the Defendant, the Plaintiff used various medications

to control her migraine headaches.  This medication did not prevent her from

satisfactorily performing her duties as a Level 1 - System Support Specialist.

42.     The Plaintiff did nothing to conceal her migraine headaches from the other

employees or from the Defendants' managers.

43.     In January, 2012, the Plaintiff told Manager Michael Lewis that she suffered from

migraine headaches.

44.     Manager Lewis knew that the Plaintiff often worked twelve-hour shifts while

suffering from migraine headache symptoms.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

45.     In July, 2012, the Plaintiff told Manager Destazio that she suffered from migraine headaches.

46.     Managers Destazio and Lewis knew that the Plaintiff sometimes closed her eyes in order to ease the migraine headache symptoms caused by long hours exposed to the brightly lit computer monitor.

47.     The Defendants' managers refused the Plaintiff's requests for computer speakers so she could hear the "dings" her computer workstation made when new items arrived in dispatch.

48.     Male employees were provided with computer speakers.  The Defendants' managers did not believe that these employees suffered from migraine headache symptoms.

49.     The Defendants' managers assigned the Plaintiff to a specific computer workstation.  She was not permitted to change to a workstation that had computer speakers.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

50.     The Defendants' managers knew that prolonged exposure to the brightly lit

        computer monitor aggravated the Plaintiff's migraine headache symptoms.


51.     The Defendants' managers knew that, without computer speakers, the Plaintiff

        would not notice the arrival of a new item in dispatch if she averted her eyes from

        the brightly lit computer screen in order to ease her migraine headache symptoms.


52.     In October, 2011, the Plaintiff complained to Manager Rich Crim that Managers

        Destazio and Lewis and co-worker Billy Ford were using foul language that was

        insulting and degrading to women.


53.     The Plaintiff then reported to Human Resources Representative Laura Harrell that

        Michael Lewis, Frank Destazio, and Billy Ford came into the operations center

        using foul language.  She reported that they began looking at something on a PC.

        Destazio said "you've got to wrap it before you whack it" and they were all

        laughing.


54.     Prior to making this report, the Plaintiff had consistently received a grade of 4 on

        her annual performance evaluations.  According to the performance evaluation

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

forms, a grade of 4 means the employee: "Exceeds Expectations - Frequently exceeds job requirements; all planned objectives were achieved above the established standards and accomplishments were made in unexpected areas as well."

55.     After making this report, Managers Destazio and Lewis caused the Plaintiff to receive a grade of 2 on her next performance evaluation.  According to the form, a grade of 2 means the employee: "Needs Improvement - Occasionally fails to meet job requirements; performance must improve to meet expectations of position."

56.     For almost her entire employment, the Plaintiff was assigned to work alone on the third shift.

57.     Managers Destazio and Lewis refused to allow her to change shifts.  However, they allowed newly hired male employees to select which shift they wanted to work.

58.     In the Spring of 2012, a male employee (hereinafter "Male Coworker") was assigned to the Plaintiff's shift in the operations center.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

59.    Defendants' managers did not believe that Male Coworker suffered from Migraine headaches.

60.    Male Coworker used to sleep on the job almost every night.  He often bragged to the Plaintiff about how many times he had been written up.

61.    Another male coworker told the Plaintiff that he had seen Male Coworker sleeping on the job.

62.    During her entire employment, the Plaintiff had not been written up.

63.    On Sunday, September16, 2012, Manager Destazio sent an email to the Plaintiff and to Male Coworker asking why an item had remained in dispatch for 41 minutes.

64.    The Plaintiff responded that she had closed her eyes for a couple of minutes.

65.    Male Coworker responded that he had been asleep.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

66.     On Wednesday, September 19, 2012, Manager Lewis told the Plaintiff that she
        was suspended without pay until further notice for sleeping on the job.


67.     On Thursday, September 20, 2012, Manager Lewis called the Plaintiff on her cell
        phone.  He told her that she was terminated for sleeping on the job.  The Plaintiff
        asked Manager Lewis about Male Coworker.  Manager Lewis told her that Male
        Coworker was written up and that he could not say anymore about it.


68.     The Defendants are vicariously libel for the unlawful conduct of their managers.


69.     The Defendants' unlawful conduct caused the Plaintiff great economic loss,
        emotional pain, inconvenience, and loss of enjoyment of life.


70.     During her employment, the Defendants paid the Plaintiff an annual salary plus a
        performance-based bonus.  The Plaintiff lost that compensation when the
        Defendants unlawfully ended her employment.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

71. During her employment with the Defendants, the Plaintiff was covered by health insurance provided by the Defendants. The Plaintiff lost this coverage when the Defendants wrongfully ended her employment.

72. During her employment with the Defendants, the Plaintiff was covered by life insurance provided by the Defendants. The Plaintiff lost this coverage when the Defendants wrongfully ended her employment.

73. During her employment, the Defendants provided the Plaintiff with a retirement savings plan. The Plaintiff lost her ability to participate in this plan when the Defendants wrongfully ended her employment.

FIRST CLAIM FOR RELIEF

SEX DISCRIMINATION

74. All preceding paragraphs are incorporated herein.

75. The Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e by illegally discriminating against the Plaintiff in the terms and conditions of her employment because the Plaintiff is a woman.

Page 16 of 24

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

76.     The Defendants are vicariously libel for the discriminatory and otherwise unlawful

conduct of their managers.


77.     As a direct and proximate result of the Defendants' violations of the law the

Plaintiff has in the past and will in the future suffer adverse employment effects,

loss of income and employment status, benefits, and other emoluments of

employment.


78.     As a direct and proximate result of the Defendant's violations of the law the

Plaintiff has in the past and will in the future suffer emotional pain, anguish,

embarrassment, humiliation, inconvenience, loss of enjoyment of life, and other

non-pecuniary losses.


79.     Because the Defendants violated Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, the Plaintiff is entitled to recover from the

Defendants back pay and benefits and front pay or other equitable relief.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

80.  Because the Defendant violated Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, the Plaintiff is also entitled to recover compensatory

damages for pecuniary losses, inconvenience, emotional pain, loss of enjoyment of

life, and other non-pecuniary losses.


81.  The Defendant's violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, justifies an award of punitive damages because the

actions of the Defendants' managers were malicious or recklessly indifferent to

the Plaintiff's federally protected rights.


SECOND CLAIM FOR RELIEF

DISABILITY DISCRIMINATION

82.  All preceding paragraphs are incorporated as if fully set forth herein.


83.  The Defendants violated the Americans With Disabilities Act, 42 U.S.C. § 12101

et seq. by illegally discriminating against the Plaintiff in the terms and conditions

of her employment because the Defendants regarded the Plaintiff as disabled.


Page 18 of 24

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

84.     The Defendants are vicariously libel for the discriminatory and otherwise unlawful
        conduct of their managers.

85.     As a direct and proximate result of the Defendants' violations of the Americans
        With Disabilities Act the Plaintiff has in the past and will in the future suffer
        adverse employment effects, loss of income and employment status, benefits, and
        other emoluments of employment.

86.     As a direct and proximate result of the Defendants' violations of the Americans
        With Disabilities Act the Plaintiff has in the past and will in the future suffer
        emotional pain, anguish, embarrassment, humiliation, inconvenience, loss of
        enjoyment of life, and other non-pecuniary losses.

87.     Because the Defendants violated the Americans With Disabilities Act, the Plaintiff
        is entitled to recover from the Defendants back pay and benefits and front pay or
        other equitable relief.

88.     Because the Defendants violated the American With Disabilities Act, the Plaintiff
        is also entitled to recover compensatory damages for pecuniary losses,

Page 19 of 24

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

inconvenience, emotional pain, loss of enjoyment of life, and other non-pecuniary

losses.

89.     Because the Defendants violated the Americans With Disabilities Act, the Plaintiff

is entitled to an award of punitive damages because the actions of the Defendants'

managers were malicious and recklessly indifferent to the Plaintiff's federally

protected rights.

THIRD CLAIM FOR RELIEF

WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

90.     All preceding paragraphs are incorporated as if fully set forth herein.

91.     It is the public policy of the State of North Carolina to protect and safeguard the

right and opportunity of all persons to seek, obtain and hold employment without

discrimination or abridgement on account of race, religion, color, national origin,

age, sex or handicap by employers which regularly employ 15 or more employees.

92.     This public policy is set forth in N.C. Gen. Stat. § 143-422.2.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

93.     The Defendants regularly employ more than fifteen employees in North Carolina.

94.     The Defendants employed the Plaintiff in North Carolina and the Plaintiff lived in

North Carolina.

95.     The Plaintiff was qualified for her job and her performance met the reasonable

expectations of the Defendants.

96.     Contrary to the public policy of North Carolina, the Defendant wrongfully

discharged the Plaintiff because she is a woman.

97.     As a direct and proximate result of the Defendants' violation of North Carolina

public policy the Plaintiff has in the past and will in the future suffer adverse

employment effects, loss of income and employment status, benefits, and other

emoluments of employment.

98.     As a direct and proximate result of the Defendants' violation of North Carolina

public policy, the Plaintiff has in the past and will in the future suffer emotional

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

pain, anguish, embarrassment, humiliation, inconvenience, loss of enjoyment of

life, and other non-pecuniary losses.


99.    Wherefore, the Plaintiff is entitled to recover from the Defendants compensatory

damages for pecuniary losses, inconvenience, emotional pain, loss of enjoyment of

life, and other non-pecuniary losses.


100.   The Defendants' conduct justifies an award of punitive damages because: a) the

Defendants are liable to the Plaintiff for compensatory damages; b) the

Defendants' conduct was willful and wanton; and c) the Defendants' senior

officers, managers and executives condoned the wrongful conduct.


## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays the court:

1.    That the court declare either or both of the Defendants to be in violation of the

law;


2.    That the court enjoin either or both of the Defendants from further violations of

the law;

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

3. That the Plaintiff have and recover from either or both of the Defendants back pay, front pay, or other equitable relief as allowed by law;

4. That the Plaintiff have and recover from either or both of the Defendants compensatory and punitive damages as allowed by law;

5. That the Plaintiff have and recover from either or both of the Defendants all pre-judgment and post-judgment interest allowed by law;

6. That the Plaintiff have and recover from either or both of the Defendants attorney fees as allowed by law;

7. That the costs of this action be taxed against either or both of the Defendants;

8. That the Plaintiff be granted a trial by jury on all issues so triable; and

9. That the Plaintiff be granted such other and further relief as the court may deem just and proper.

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786

This, the 2nd day of October, 2013.

/s/ Stephen A. Boyce
Attorney for the Plaintiff
N.C. State Bar Number: 26486

Boyce Law Office
P.O. Box 24786
Winston-Salem, N.C., 27114-4786
(336) 294-9568
Email: outrider@attglobal.net

Stephen A. Boyce
Attorney at law
P.O. Box 24786
Winston-Salem, N.C., 27114-4786